IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER FULTON, )<br>      Plaintiff, )<br>         )<br>  vs. )<br>         )<br>JOHN HAKINBERRY *Sued In His* )<br>*Individual Capacity*, )<br>      Defendant. ) | Civil Action No. 14-1459<br>Chief Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 19 |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

  Plaintiff Alexander Fulton ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and is currently incarcerated at the State Correctional Facility ("SCI") at Forest. Plaintiff has filed this civil rights action against John Hakinberry[1] ("Defendant"), who is a Corrections Officer at SCI Fayette where Plaintiff was previously incarcerated. Plaintiff alleges that Defendant violated his rights provided by the Eighth Amendment to the United States Constitution from October 30, 2013 through May 6, 2014, by depriving Plaintiff of his medically prescribed wheelchair and his walking cane, and that Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq.*, by denying Plaintiff access to programs and services available to non-disabled inmates, by subjecting him to discrimination by virtue of his disability, and by failing to provide Plaintiff with his wheelchair and walking cane for a sustained period of time.

  Presently before the Court is a Motion to Dismiss submitted on behalf of Defendant. ECF No. 19. For the reasons that follow, the Motion will be granted in part and denied in part.

---

[1] Apparently, the correct spelling of Defendant's name is Hawkinberry. See ECF No. 20, p. 1.

## I.  STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## II.    DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. at 423. As previously discussed, Plaintiff alleges that he was deprived of his rights provided by the ADA, RA and the Eighth Amendment to the Constitution.

### A.    ADA and RA Claims

Defendant initially argues, correctly so, that because parties cannot be held liable in their individual capacities under the ADA or the RA, Plaintiff's ADA and RA claims against Defendant should be dismissed. Plaintiff has apparently conceded the issue and has requested in his Response to Defendant's Motion to Dismiss, ECF No. 22, ¶ 4, to withdraw his claims brought pursuant to these statutes. See O'Donnell v. Pa. Dept. of Corrections, 790 F. Supp. 2d 289, 308 (M.D. Pa. 2011), *aff'd*, 507 F. App'x 123 (3d Cir. 2012), *citing* A.W. v. Jersey City Public Schools, 486 F.3d 791, 804 (3d Cir. 2007), and Koslow v. Pennsylvania, 302 F.3d 161,

3

178 (3d Cir.2002) (neither the ADA nor the RA imposes liability upon individuals). As such, Plaintiff's ADA and RA claims will be dismissed.

B.   **Eighth Amendment Claims**

Defendant argues that Plaintiff's Eighth Amendment claim should be dismissed because Plaintiff has failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA"), requires a prisoner filing a Section 1983 action to exhaust all administrative remedies before filing a claim in federal court. 42 U.S.C. § 1997(e)(a).[2] See Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). See also Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("it is beyond the power of the court to excuse compliance with the exhaustion requirement"). In order to properly exhaust his or her administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90–91 (2006). The DOC's Grievance System Policy, DC–ADM 804, sets out a three-step grievance and appeals process. First, an inmate is required to legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to "initial review." Spruill v. Gillis, 372 F.3d at 232, 233. Second, after the initial review by a grievance officer, the inmate has the opportunity to appeal to the Facility Administrator for a second level of review. Id. at p. 232. Finally, an appeal to the Secretary's Office of Inmate Grievances and Appeals is available. Id.

In addition, the United States Court of Appeals for the Third Circuit has found that the PLRA's exhaustion requirement includes a procedural default component which requires more

---

[2] Specifically, the PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this Title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

4

than "simple" exhaustion; it requires "proper" exhaustion. Id. at 228, 230. Thus, where the inmate fails to specifically name the individual in the grievance or where the grievance is untimely or otherwise defective, claims against an accused individual are procedurally defaulted. Id. at 234. See Woodford v. Ngo, 548 U.S. at 90-91 (exhaustion of administrative remedies under the PLRA requires "using all steps that the agency holds out," and "demands compliance with an agency's deadlines and other critical procedural rules") (internal quotations and citations omitted).

In this case, Defendant has provided the Court with a copy of Grievance No. 500717, upon which Plaintiff relies upon in his Complaint as demonstrating compliance with the exhaustion requirements.[3] Review of Grievance No. 500717, which Plaintiff filed on March 10, 2014, shows that Plaintiff complained only of the "oppression of staff and the cooperation of medical" in refusing to give Plaintiff his wheelchair and walking cane in his cell. ECF No. 20-1, p. 8. Although it is clear that Plaintiff followed the grievance procedure through the second level of appeal to the Secretary's Office of Inmate Grievances and Appeals, it is also clear that he did not specifically name Defendant in the grievance or in either of the subsequent appeals but simply makes general reference to "staff" and "medical" as having denied him access to his wheelchair and cane. ECF No. 20-1, pp. 2-8. As such, Grievance No. 500717 does not provide

---

[3] In deciding a motion to dismiss, "[i]n addition to the allegations contained in the pleadings, the Court may also review "matters of public record, exhibits attached to the complaint and items appearing in the record of the case," as well as "undisputably authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Ickes v. Flanagan, 2008 WL 859183, at * 1 (W.D. Pa. Mar. 31, 2008), quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d at 1384-85 n. 2, and Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 145 (3d. Cir 1997). Because Plaintiff has alleged in the Complaint that he exhausted his administrative remedies by utilizing the DOC's Inmate Grievance System, the Court may consider the grievances that both parties have submitted relative to the instant Motion to Dismiss as well as the DOC's Inmate Grievance System Procedures Manual provided by Plaintiff without converting the Motion into one for summary judgment.

5

the basis for finding that Plaintiff has exhausted his administrative remedies relative to his Eighth Amendment claims brought against Defendant.[4]

Plaintiff, however, has provided a copy of a grievance he allegedly filed on May 7, 2014 -- the day after his wheelchair was returned to him -- in which he specifically complains that it was Defendant who took Plaintiff's wheelchair. Plaintiff argues that, because that grievance was never responded to, he exhausted all of the administrative remedies that were available to him and that he should therefore be allowed to proceed with his claim against Defendant. See Small v. Camden Cnty., 728 F.3d 265, 273 (3d Cir. 2013) ("when Small failed to receive even a response to the grievances addressing the June 18 and June 28, 2005 incidents, much less a decision as to those grievances, the appeals process was unavailable to him); Price v. Corr. Med. Servs., 493 F. Supp. 2d 740, 746 (D. Del. 2007) (declining to find that the plaintiff had not exhausted his administrative remedies where there was no evidence that the defendants responded to the plaintiff's grievances).

Defendant does not dispute that the DOC's failure to respond to a grievance serves to excuse the exhaustion requirement but counters that, notwithstanding the DOC's failure to respond to the grievance, it does not excuse the fact that the grievance was untimely filed in the first instance. Defendant contends that because Plaintiff alleges that he was denied access to his wheelchair and cane on October 30, 2013, and because under DC-ADM 804 Plaintiff only had 15 working days from that date to file a grievance, the grievance upon which Plaintiff relies,

---

[4] Plaintiff's argument that the DC-ADM 804 Inmate Grievance System Policy does not require that Plaintiff specifically name an individual involved in the event in order to exhaust administrative remedies is of no moment as the Third Circuit Court of Appeals has held that identifying the particular individual in the grievance is required to satisfy the exhaustion requirement of the PRLA. Spruill v. Gillis, 372 F.3d at 234.

which was not filed until May 7, 2014, was untimely.[5] In his sur-reply, Plaintiff argues that because the deprivation of his wheelchair and cane was "on-going," continuing through May 6, 2014, that the filing of his grievance on May 7, 2014, was within the requisite fifteen days rendering the grievance timely. Although the Court disagrees that the "on-going" or continuing violation doctrine applies to this case, it nevertheless finds that Plaintiff has exhausted his administrative remedies in part.

> In determining the timeliness of grievances and whether the continuing violation doctrine is applicable, courts have distinguished deliberate indifference to an ongoing medical condition, where the doctrine is applicable, to discrete events, where the doctrine is not applicable. *See Ellis v. Vadlamudi,* 568 F.Supp.2d 778 (E.D. Mich. 2008) (holding that the continuing violation doctrine applied to a claim of deliberate indifference to a chronic medical condition); *see also McCormack v. Burnett,* No. 12–CV–925–BBC, 2013 WL 5408260, *2 (W.D. Wisc. Sept. 25, 2013) (distinguishing ongoing inadequate medical care, which the continuing violation doctrine applies to, from a discrete medical issue, in which the doctrine does not apply).

Corbin v. Bickell, 2014 WL 3590000, at *7 (M.D. Pa. July 21, 2014). See McCann v. Astrue, 293 F. App'x 848, 850 (3d Cir. 2008) ("discrete discriminatory acts that are actionable on their own may not be aggregated under a continuing violation theory").

Here, Plaintiff's claims are not based on aggregate wrongs but rather are based on a discrete act, *i.e.*, the confiscation of his wheelchair and cane on October 30, 2013, which Plaintiff could have grieved at that time or any day thereafter. As such, the continuing violation doctrine does not apply.

This notwithstanding, Plaintiff filed his grievance on May 7, 2014, complaining that Defendant denied him access to his wheelchair and cane from October 30, 2013 through May 6, 2014. Because the DC-ADM 804 gives an inmate 15 days from the date of the event upon which

---

[5] Specifically, DC-ADM 804 provides that "[t]he inmate *must* submit a grievance for initial Review to the Facility Grievance Coordinator within 15 working days after the even upon which the claim is based." ECF No. 25-1, p. 8, ¶ 13 (emphasis added).

7

his claims are based to file a grievance, Plaintiff's claims, insofar as they arise from conduct that occurred within the 15 days of the date he filed his grievance, have been exhausted. Corbin v. Bickell, 2014 WL 3590000, at *7. Thus, Plaintiff may proceed with his Eighth Amendment claim based on Defendant's alleged conduct between April 22, 2014 and May 7, 2014.

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss submitted on behalf of Defendant, ECF No. 19, is properly granted in part and denied in part. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 31st day of August, 2015, upon consideration of Defendant's Motion to Dismiss, Plaintiff's Response to Defendant's Motion to Dismiss, Defendant's Reply to Plaintiff's Response, and Plaintiff's Response to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is granted as to Plaintiff's claims brought pursuant to the ADA and RA and as to Plaintiff's Eighth Amendment claims relative to conduct that occurred prior to April 22, 2014, and denied in all other respects.

BT THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Alexander Fulton
KG-2257
SCI Forest
1 Woodland Drive
P.O. Box 945
Marienville, PA 16239

All counsel of record via CM/ECF