IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXANDER FULTON,                    )
                     Plaintiff,       )
                                      )
      vs.                             )      Civil Action No. 14-1459
                                      )      Chief Magistrate Judge Maureen P. Kelly
JOHN HAKINBERRY *Sued In His*         )
*Individual Capacity*,                )      Re: ECF No. 32
                     Defendant.       )

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Alexander Fulton ("Plaintiff"), a former inmate in the custody of the

Pennsylvania Department of Corrections, filed this civil rights action against John Hawkinberry[1]

("Defendant"), a Corrections Officer at the State Correctional Institution at Fayette ("SCI

Fayette"), where Plaintiff had been incarcerated.  Plaintiff alleges that Defendant violated his

rights provided by the Eighth Amendment to the United States Constitution by depriving him of

his medically prescribed wheelchair and his walking cane.

Presently before the Court is a Motion for Summary Judgment submitted on behalf of

Defendant.  ECF No. 32.  For the reasons that follow, the Motion will be granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

It is undisputed in this case that Plaintiff's wheelchair and walking cane were confiscated

from him on October 29, 2013, while Plaintiff was housed on J Unit in the Restricted Housing

Unit at SCI Fayette.  It is also undisputed that Plaintiff was housed in a handicap equipped cell at

---

[1] Defendant's name is apparently misspelled in the Complaint as Hakinberry.  See ECF No. 33 at 1, n.1.

the time and that his wheelchair was kept outside of his cell for when Plaintiff needed it for other activities.  ECF No. 38 at 1, ¶ 3.[2]

Further, the record establishes that on April 23, 2014, Plaintiff filed a grievance (Grievance No. 506800) in which he complained that he had been denied his lunch by Sgt. Lilly and Correction Officer Carns three days earlier because he could not get to the door fast enough without his wheelchair and/or cane.  ECF No. 35-1 at 15.  Although the grievance was "denied," it was nevertheless determined that, as a courtesy, Plaintiff's wheelchair would be returned to him.  ECF No. 35-1 at 13, 14.  Indeed, it is undisputed that Plaintiff's wheelchair was in fact returned to him on May 7, 2014, subject to certain conditions.  ECF No. 34 at 2, ¶ 7; ECF No. 38-1 at 3, ¶ 9.

Plaintiff nevertheless initiated the instant action against Defendant on October 28, 2014, alleging that Defendant violated his right against cruel and unusual punishment provided by the Eighth Amendment to the Constitution as well as his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq.*  ECF No. 3.  Pursuant to a Motion to Dismiss filed by Defendant on March 17, 2015, Plaintiff's claims brought pursuant to the ADA and RA were dismissed from the case. ECF Nos. 19, 26.  In addition, the Court dismissed Plaintiff's Eighth Amendment claims insofar as it pertained to conduct by Defendant's that occurred prior to April 22, 2014, as being barred by the applicable statute of limitations.  ECF No. 26.  As such, the only issue remaining for adjudication is whether Defendant violated Plaintiff's rights provided by the Eighth Amendment between April 22, 2014, and May 7, 2014.

---

[2] Although Plaintiff denies Defendant's representation that Plaintiff's wheelchair was kept outside of his cell, see ECF No. 38 at 1, ¶ 3, Plaintiff states in his own Declaration that "[m]y wheelchair was stored outside my cell after Lt. Hawkinberry took it from me."  ECF No. 38-1 at 2, ¶ 6.  The Court, therefore, has construed the fact as undisputed.

Defendant filed a Motion for Summary Judgment relative to the issue on February 12, 2016, ECF No. 32, to which Plaintiff filed a Brief in Opposition on March 23, 2016.  ECF No. 37.  Accordingly, Defendant's Motion for Summary Judgment is ripe for review.

## II.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  See Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof").  Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004).  "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007), *quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party.  Matreale v. New Jersey Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

## III.    DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws.  It does not, by its own terms, create substantive rights."  Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979) (footnote omitted).  Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States."  Id. at 423.  As previously discussed, Plaintiff alleges that he was deprived of his right provided by the Eighth Amendment to the Constitution.

4

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated and that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). In order to establish an Eighth Amendment violation, a plaintiff therefore must demonstrate: (1) a serious medical need; and (2) that the defendant was deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

In order to establish deliberate indifference, a "plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, a plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991). Deliberate indifference exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F.3d at 197. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Wilson v. Burks, 423 F. App'x 169, 173 (3d Cir. 2011), quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994).

It therefore follows that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v.

McGreevey, 481 F.3d 187, 210 (3d Cir. 2007).  Personal involvement in the alleged wrongdoing

may be shown "through allegations of personal direction or of actual knowledge and

acquiescence."  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  See Ruff v. Health Care Adm'r, 441 F.

App'x 843, 846 (3d Cir. 2011) (per curiam) ("[t]o be liable under § 1983, a defendant must have

some personal involvement in the underlying unconstitutional conduct"); Rode v. Dellarciprete,

845 F.2d 1195, 1207-08 (3d Cir. 1988) ("[a] defendant in a civil rights action must have personal

involvement in the alleged wrongs .... [which] can be shown through allegations of personal

direction or of actual knowledge and acquiescence. Allegations of participation or actual

knowledge and acquiescence, however, must be made with appropriate particularity" such as

stating time, place and persons responsible).

The United States Court of Appeals for the Third Circuit has also held that prison

officials who are not physicians cannot be considered deliberately indifferent simply because

they failed to respond directly to the medical complaints of a prisoner who was already being

treated by the prison doctor.  Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).  See Spruill v.

Gillis, 372 F.3d at 236 ("[a]bsent a reason to believe (or actual knowledge) that prison doctors or

their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ ] will

not be chargeable with the Eighth Amendment *scienter* requirement of deliberate indifference").

Moreover, "[i]n order to charge a non-medical prison official with the Eighth Amendment

*scienter* requirement of deliberate indifference, a plaintiff bears the burden of proving . . . facts

supporting the defendants' mental state.'"  Huskins v. Beard, 2004 WL 2223307, at *6 (E.D. Pa.

Oct. 1, 2004), *citing* Spruill v. Gillis, 372 F.3d at 236.  See Singletary v. Pa. Dep't of Corr., 266

F.3d 186, 192 n.2 (3d Cir. 2001).

Here, Plaintiff has failed to meet any of these burdens.  At the outset, the Court notes that the only evidence submitted by Plaintiff to support his contention that Defendant took his wheelchair or otherwise had any personal knowledge of Plaintiff's situation is Plaintiff's own Declaration in which he simply states "Lt. Hawkinberry personally took my wheelchair and walking cane."  ECF No. 38 at 1, ¶ 1; ECF No. 38-1 at 2, ¶ 6.  In contrast, Defendant has not only provided the Court with Defendant's Declaration in which he denies confiscating Plaintiff's wheelchair and/or cane, but has submitted Plaintiff's Cumulative Adjustment Record which contains an entry dated October 29, 2013, recorded by staff member "Garland" -- not Defendant -- which states:

> On 10/28/13 I/M Fulton was fishing a metal part of his wheel chair to another cell.  On 10/29/13 Captain Walker called medical, per RN Bilitsky, I/M Fulton does not need the chair in his cell.  Captain Walker had us remove the chair from his cell.  Use only as needed.

ECF No. 35-1 at 5.  Although Plaintiff denies that he was removing pieces of his wheelchair and fishing them to other inmates, he does not dispute the authenticity of the Cumulative Adjustment Record or that it indicates that Captain Walker ordered that Plaintiff's wheelchair be removed from his cell for security reasons or that staff members other than Defendant removed the wheelchair.

Furthermore, to the extent Plaintiff contends that he repeatedly informed Defendant about the difficulties he was having without his wheelchair, Plaintiff he has not provided any facts or evidence suggesting when he so informed Defendant, where he had the discussions, or the specific nature of the conversations.  In addition, as previously discussed, in the grievance filed by Plaintiff on April 24, 2014, his complaint was specific to Sgt. Lilly's and Corrections Officer Carns' conduct and, as Plaintiff concedes, makes no mention of Defendant at all.  Id.; ECF No.

34 at 1, ¶¶ 4, 5; ECF No. 38 at 1, ¶¶ 4, 5.[3]  Thus, other than Plaintiff's unsubstantiated statement

to the contrary, the record is devoid of any evidence which would support a finding that

Defendant had any personal knowledge of the consequences Plaintiff allegedly experienced

without the use of his wheelchair, or even that Plaintiff's wheelchair was confiscated in the first

instance.

Even if a factfinder could conclude based on Plaintiff's statement alone that Defendant

had some personal knowledge of Plaintiff's situation, the record nevertheless lacks any evidence

which would permit a factfinder to conclude that Defendant was deliberately indifferent to

Plaintiff's medical needs.

With respect to the seriousness of Plaintiff's deprivation, it is not without significance

that Plaintiff, by his own admission, was housed in a handicap equipped cell at the time and that

his wheelchair was kept outside the door for activities outside of his cell.  Moreover, the

evidence shows that the only complaint Plaintiff made during the relevant time period was

Grievance No. 506800 in which Plaintiff states only that he missed a lunch on April 20, 2014,

because he could not get to the door in time.  ECF No. 35-1 at 15.  Not only has Defendant

submitted documentation that Plaintiff, in fact, received lunch on the day in question but Plaintiff

has not pointed to any evidence suggesting that Defendant was aware of the incident.  Id. at 20.

More importantly, however, missing a single meal is not so serious as to give rise to a

constitutional violation.  See Brown v. Beard, 2011 WL 1085890, at *14 (W.D. Pa. Mar. 21,

2011), citing Ford v. Bd. of Managers of N.J. State Prison, 407 F.2d 937, 939-940 (3d Cir. 1969)

---

[3] Although Plaintiff also filed a grievance on March 10, 2014, wherein he complained that, as a result of being
without his wheelchair and cane, he fell once, had to crawl on the floor at times, and that he urinated on himself
several times and missed meals due to lack of mobility and speed, the grievance is irrelevant to the narrow issue of
whether Defendant's conduct between April 22, 2014 and May 7, 2014, ran afoul of Plaintiff's constitutional rights.
ECF No. 35-1 at 11.  Moreover, while Plaintiff states in the grievance that he tried to talk to "staff" about the issue
numerous times, the grievance is devoid of any mention of the Defendant.  Id.

("[i]nasmuch as Plaintiff does not presently contend that he was denied consecutive meals, nor that he suffered any ill effects from these supposed occasional denials, Defendants are entitled to summary judgment as to this claim"); Frazier v. Daniels, 2010 WL 2040763, at *11 (E.D. Pa. May 20, 2010) (conduct such as denial of dinner on occasion or verbal antagonizing of plaintiff did not constitute adverse action); Burgos v. Canino, 641 F. Supp. 2d 443, 460 (E.D. Pa.), aff'd, 358 F. App'x 302 (3d Cir. Dec. 23, 2009) ("[o]ccasional denial of an exercise period does not rise to the level of an Eighth Amendment violation").

In addition, Plaintiff has made no showing that Defendant was aware of facts from which it could be inferred that a substantial risk of serious harm existed because Plaintiff was without his wheelchair and/or cane or that Defendant actually drew the inference.  The only evidence of record to which Plaintiff points that arguably speaks to the issue is Plaintiff's own Declaration in which he generally contends that he informed Defendant of the difficulties he was having in his cell without his wheelchair.  Plaintiff, however, has not provided any evidence that indicates when he informed Defendant of his difficulties or given any indication that he discussed the situation with Defendant during the relevant time period or that Defendant was otherwise aware that Plaintiff continued to be without his wheelchair after April 22, 2014.

Moreover, as previously discussed, the record shows that Plaintiff was in a handicap equipped cell at the time and the medical staff, which is charged with overseeing Plaintiff's medical issues, indicated that Plaintiff did not need his wheelchair while in his cell.  ECF No. 34 ¶ 2; ECF No. 38 ¶ 2.  See Durmer v. O'Carroll, 991 F.2d at 68.  Under these circumstances, the Court finds that there is a paucity of evidence from which a factfinder could conclude that Defendant was aware of facts from which it could be inferred that a substantial risk of harm to Plaintiff existed; there is certainly none to show that Defendant actually drew the inference.

**IV.      CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment submitted on behalf of Defendant, ECF No. 32, is properly granted.  Accordingly, the following Order is entered:

**<u>ORDER</u>**

AND NOW, this 29th day of August, 2015, upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's Brief in Opposition thereto, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment, ECF No. 32, is GRANTED and the Clerk is to mark the case closed.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:      Alexander Fulton
         1938 21st Street
         Philadelphia, PA 19121

         All counsel of record via CM/ECF